UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Willmar Rapatt,　　　　　　　　　　　　Court File No. 16-cv-4099 (DWF/LIB)

　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

David J. Hauser, et al.,

　　　　　　Defendants.

　　　　This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, and upon Plaintiff's Motion to Extend Time to File a Second Amended Complaint and Serve Defendants, [Docket No. 5].

　　　　On March 2, 2015, the State of Minnesota filed a Complaint in Minnesota State District Court, charging Richard Willmar Rapatt ("Plaintiff" in the case presently before the Court) with four counts of Taxes—Failure to File Return, in violation of Minn. Stat. § 289A.63, Subd. 1(a). State v. Rapatt, No. 15-cv-3873 (DWF/LIB), 2016 WL 2610111, *1 (D. Minn. March 23, 2016), Report and Recommendation adopted at 2016 WL 2350109, *1 (D. Minn. May 4, 2016).

　　　　On December 6, 2016, Plaintiff commenced the present action by filing a Complaint in this Court against Defendants David J. Hauser, Stacy Kerlin, William Steward Leitch, Stephen Giles McGraw, and John Does 1-10 ("Defendants"). ([Docket No. 1], 1). Federal Rule of Civil Procedure 4(m) required Plaintiff to demonstrate proof of service within 90 days after filing his Complaint, but Plaintiff did not do so. According, on March 15, 2017, this Court ordered Plaintiff to provide proof of service of the Complaint on Defendants or demonstrate good cause for an extension of time to serve Defendants within 20 days of the date of that Order, or this

Court would recommend dismissal of this action for failure to effect proper service and failure to prosecute. (Order, [Docket No. 4], 1-2).

On April 6, 2017, Plaintiff filed the present Motion to Extend Time to File a Second Amended Complaint and Serve Defendants. ([Docket No. 5]). Plaintiff asserts that he has been extremely busy with his criminal appeal,[1] which is pending in the Minnesota Court of Appeals. (Id. at 1). Plaintiff further asserts that he "has found essential items that directly affect this instant case and new Defendants are required to be added, wherein the Complaint definitely requires being Amended so as not to waste judicial resources."[2] (Id. at 1-2). Accordingly, Plaintiff asks this Court to allow him until May 6, 2017, to file an Amended Complaint with this Court and an additional 20 days beyond that in which to effect service. (Id. at 2).

The Court's review of Plaintiff's present Motion and his Complaint indicate that Plaintiff is attempting to pursue claims of a type barred by the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the United States Supreme Court held that a § 1983 plaintiff may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless that plaintiff first "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. The United States Supreme Court further stated:

---

[1] It appears that the case to which Plaintiff refers is a petition for writ of mandamus filed by Plaintiff in the Minnesota Court of Appeals on December 6, 2016. The Minnesota Court of Appeals construed the petition for writ of mandamus as a notice of appeal from his conviction in a criminal case. See, March 14, 2017, Order, Minn. Ct. of Appeals, Case No. A-16-1932. The criminal case in question is the case Plaintiff previously and unsuccessfully attempted to remove to this Court.

[2] Plaintiff does not further describe the amendments he wishes to make, nor has he filed with this Court a proposed First Amended Complaint.

> "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 487.

"Where claims are 'obviously without merit,' because 'prior decisions inescapably render the claims frivolous' a court may dismiss them *sua sponte*. 'Many courts have found—and the Eighth Circuit has tacitly acknowledged—that a claim squarely barred by Heck from the face of the complaint is frivolous as the Supreme Court has defined that term.'" (Citations omitted.) Williams v. Hollaren, No. 16-cv-552, *7 (WMW/SER), 2017 WL 513926 (Jan. 11, 2017) (gathering cases), Report and Recommendation adopted at 2017 WL 507215 (D. Minn. Feb. 7, 2017).

In addition, under Federal Rule of Civil Procedure 15(a), a court should "freely give leave" to amend a pleading when justice so requires. However, the Court need not give leave to amend when such amendment would be futile. See, Foman v. Davis, 371 U.S. 178, 182 (19862). A proposed claim is futile if it would not survive a motion to dismiss pursuant to Rule 12(b)(6); in such circumstances, a court does not abuse its discretion by denying leave to amend the complaint. See, Zutz v. Nelson, 601 F.3d 842, 850-51 (8th Cir. 2010).

When considering a motion to dismiss under Rule 12(b)(6), courts "look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis Cty. of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir 1998)), cert. denied 525 U.S. 1178 (1999). Courts must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F. 3d 818, 820 (8th

Cir. 2008). When viewed in that light, the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Therefore, if Plaintiff's claims in the present case are barred by Heck and the proposed amendments would not remove those claims from the scope of Heck, any such amendment would be futile.

Although the Complaint in the present case is not clear, it appears that Plaintiff is attempting to bring a claim under 42 U.S.C. § 1983 based on actions taken during by the named Defendants in the criminal prosecution in Minnesota state court for failure to pay income taxes.[3] (Compl., [Docket No. 1], 6-7, 10, 22-23). Plaintiff seeks as relief: (1) "the right to exercise his elective franchise in Minnesota, one of the several State [*sic*], as a 'citizen of Minnesota' domiciled in Minnesota"; (2) that Defendants Hauser, Leitch, McGraw, and Kerlin "be found guilty of proceeding under color of state and color of federal law for 'citizens of the United States' to cease and desist attempting to fine, jail and all other means of coercion force Rapatt to become a 'taxpayer' under 26 U.S.C. § 770(a)(14)"; (3) actual damages to be determined; (4) punitive damages of $3,500,000 each from Defendants Hauser, Leitch, McGraw, and Kerlin; and (5) any other damages or reparations the Court determines. (Id. at 41-44).

As set forth above, however, Plaintiff has been convicted of criminal charges in Minnesota state court. His conviction and sentence have not been reversed or otherwise invalidated; Plaintiff is currently pursuing relief from his conviction in the Minnesota Court of Appeals. There is also no indication in Plaintiff's present Motion to Extend Time to File a

---

[3] Plaintiff asserts 10 "Causes of Action" in his Complaint, but the only discernible claims within the Complaint appear to be challenges to the criminal prosecution of Plaintiff in Minnesota State Court. (Compl., [Docket No. 1], 34-44). Plaintiff claims that he was illegally prosecuted by Defendants under Internal Revenue Service regulations which Plaintiff asserts do not have the force or effect of law and which Plaintiff asserts do not apply to him. (Id. at 36-44). 42 U.S.C. § 1983 establishes a cause of action against any "person who, under the color of any statute, ordinance, regulation, custom, or usage, of any state" causes the deprivation of a federal or Constitutional right. 42 U.S.C. § 1983. "To recover under § 1983, a plaintiff must prove '(1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." McDonald v. City of St. Paul, 679 F.3d 698, 704 (8th Cir. 2012).

Second Amended Complaint and Serve Defendants that Plaintiff intends to amend his Complaint to assert claims that do not stem from his Minnesota state court criminal conviction. (Motion, [Docket No. 5]). To the contrary, Plaintiff wishes to amend his Complaint because of information he has discovered in the pursuit of his efforts to overturn his convictions in Minnesota state court. (Id.). Finally, Plaintiff seeks relief in this Court which would necessarily imply the invalidity of his convictions in Minnesota state court. Plaintiff asks for declaratory judgment that Defendants improperly prosecuted him, and he seeks monetary actual and punitive damages stemming therefrom. For all of these reasons, Plaintiff's claims are barred by Heck.

Accordingly, for the reasons set forth above, the Court recommends that the action be **dismissed** without prejudice[4] and that Plaintiff's Motion to Extend Time to File a Second Amended Complaint and Serve Defendants, [Docket No. 5], be **denied as moot**.

Accordingly, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Motion to Extend Time to File a Second Amended Complaint and Serve Defendants, [Docket No. 5], be **denied as moot**; and

2. That the case be **dismissed without prejudice** because Plaintiff's claims are barred under Heck.

Dated: April 18, 2017                               s/Leo I. Brisbois
                                                    Leo I. Brisbois
                                                    U.S. MAGISTRATE JUDGE

---

[4] The Court recommends dismissal without prejudice so that Plaintiff may later refile the claims if his conviction is later invalidated. See, Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (modifying dismissal of Heck-barred claim to be without prejudice so that the plaintiff "can refile his complaint should he succeed in challenging the legality of his continued confinement through appropriate state or federal remedies").